1
2
3 UNITED STATES DISTRICT COURT
4 NORTHERN DISTRICT OF CALIFORNIA
5 EUREKA DIVISION
6
7 GEORGE A. BJURBERG,

No. C 13-5500 NJV (PR)
8          Plaintiff,

**ORDER OF DISMISSAL WITH**
9    v.

**LEAVE TO AMEND**
10 SEAN KELLIE, et. al.,
11          Defendants.
   _____/
12
13          Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has
14 been granted leave to proceed in forma pauperis.
15                              **DISCUSSION**
16 **A.    Standard of Review**
17          Federal courts must engage in a preliminary screening of cases in which prisoners
18 seek redress from a governmental entity or officer or employee of a governmental entity.
19 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
20 dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
21 be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at
22 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*
23 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
24          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
25 the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
26 the statement need only '"give the defendant fair notice of what the . . . . claim is and the
27 grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations
28 omitted).  Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that jail staff used excessive force against him.  It is not clear if plaintiff is a convicted prisoner or a pretrial detainee.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  The Due Process Clause protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment.  *See Graham v. Conner*, 490 U.S. 386, 395 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002).  The Ninth Circuit has stated the factors a court should consider in resolving a due process claim alleging excessive force. *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). These factors are (1) the need for the

application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *Id.*

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). The core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Whitley*, 475 U.S. at 320-21.

Plaintiff states that he was in his cell when Defendants Kellie and Loschiavo assaulted him for no reason and he had to be treated at a hospital. While named as a Defendant there are no allegations against Hanlon. The complaint will be dismissed with leave to amend to provide more information regarding Hanlon and for Plaintiff to state if he is a pretrial detainee or convicted prisoner. Plaintiff should also provide additional details regarding the assault and the injuries he suffered.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the

3

court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 22, 2014.

NANDOR J. VADAS
United States Magistrate Judge

United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

GEORGE BJURBERG,                                    No.  1:13-CV-5500 NJV

             Plaintiff,

     v.                                             CERTIFICATE OF SERVICE

SEAN KELLIE, et al.,

             Defendants.
_____/

        I, the undersigned, hereby certify that on January 22, 2014, I SERVED a true and correct

copy of  the attached by placing said copy in a postage paid envelope addressed to the person(s)

listed below, by depositing said envelope in the U.S. Mail.

George A. Bjurberg
1136813
McGuire Correctional Facility
300 Bradford Street
Redwood City, CA 94063-1530


                                                    /s/ Linn Van Meter
                                          _____
                                                    Linn Van Meter
                                               Administrative Law Clerk to
                                             the Honorable Nandor J. Vadas